# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:10-cv-00414-MR
# [Criminal Case No. 3:08-cr-00259-RJC-DCK-8]

| | |
|---|---|
| SHONTAVIA BARBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Respondent's Motion for Summary Judgment [Doc. 4] as to the claims raised by Petitioner in her Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Respondent's motion will be granted and Petitioner's Section 2255 motion will be denied and dismissed.

## I. FACTUAL BACKGROUND

On December 17, 2008, Petitioner was charged in a Bill of Indictment, along with eight co-defendants, with conspiracy to commit wire fraud; conspiracy to commit identity theft, bank fraud, and aiding and abetting the same; and possession and uttering of forged securities.

[Criminal Case No. 3:08-cr-00259-RJC-DCK-8, Doc. 3: Indictment]. Specifically, the Bill of Indictment alleged that Petitioner and the other defendants participated in a scheme or artifice to defraud individuals, merchants, and financial institutions by stealing or buying stolen securities (checks, money orders, travelers' checks), stolen drivers' licenses, and other identification documents, or creating fake securities, and then forging and uttering those stolen checks and securities, often using stolen identification documents in the process, at retail stores in exchange for merchandise. While Petitioner was not as involved in the scheme to steal and use checks at retail stores as her co-defendants, she did participate in a scheme to open new bank accounts with the sole purpose of depositing stolen checks. Once the stolen checks were deposited, Petitioner and others would withdraw the funds, as though they were legitimately obtained, thereby causing a loss to the bank or its customers. [See id.].

Petitioner was arrested on December 18, 2008, made her initial appearance before a Magistrate Judge that same day, and was released on a $25,000 unsecured bond. [Criminal Case No. 3:08-cr-00259-RJC-DCK-8, Doc. 24: Appearance Bond]. On January 7, 2009, Petitioner waived the right to appear personally at her arraignment and entered a plea

of not guilty. [Criminal Case No. 3:08-cr-00259-RJC-DCK-8, Doc. 48: Waiver].

On March 19, 2009, Petitioner entered into a Plea Agreement with the Government wherein she agreed to plead guilty to Count One (conspiracy to commit wire fraud) and Count Eight (bank fraud) in exchange for the dismissal of the remaining counts in the Bill of Indictment. [Criminal Case No. 3:08-cr-00259-RJC-DCK-8, Doc. 98: Plea Agreement]. In paragraph one of the Plea Agreement, Petitioner admitted to "being in fact guilty as charged" in Counts One and Eight. [Id. at ¶1]. As part of the Plea Agreement, the parties agreed that Petitioner qualified for a two-point reduction under U.S.S.G. § 3B1.2(b) as a minor participant in the conspiracy. [Id. at ¶7(d)]. Additionally, both parties agreed that "the appropriate sentence [was] one within the 'applicable guideline range' (U.S.S.G. § 5C1.1) and that neither party [would] seek a departure from that range." [Id. at ¶7(h)]. The Plea Agreement further provided Petitioner with the opportunity to cooperate with the Government in exchange for the possibility of a downward departure motion. [Id. at ¶25]. Notably, however, the Agreement specifically stated the determination of whether Petitioner's assistance was substantial enough to warrant such a motion was in the sole discretion of the Government. [Id. at ¶26(a)].

On April 2, 2009, Petitioner appeared with counsel before United States Magistrate Judge David Keesler for her Rule 11 Hearing. After being placed under oath, Petitioner confirmed that she wanted to enter guilty pleas to Counts One and Eight of the Bill of Indictment. The Court then explained the elements of Counts One and Eight, and the maximum and minimum penalties for each. In particular, the Court provided a detailed review of the allegations contained in the Indictment, and Petitioner stated that she understood the charges to which she was pleading guilty and the maximum penalties she faced upon conviction. [Criminal Case No. 3:08-cr-00259-RJC-DCK-8, Doc. 289: Rule 11 Tr. at 9-10]. Petitioner affirmed that she had discussed with her attorney how the U.S. Sentencing Guidelines might apply to her case and that the District Court would not be able to determine her sentence until after a presentence report had been prepared and Petitioner and her attorney had an opportunity to review it. Petitioner further acknowledged that she understood that she could receive a sentence that may be higher or lower than a sentence called for in the Guidelines. In the event her sentence was more severe than she expected, Petitioner stated that she understood that she would not be allowed to withdraw her guilty plea once accepted.

Petitioner further acknowledged that she was giving up her right to a jury trial, at which she would be presumed innocent, the Government would have the burden of proving each element of the charged offenses beyond a reasonable doubt, she could call witnesses to testify, and she could cross-examine the Government's witnesses. After this colloquy, Petitioner admitted that she was in fact guilty of the conduct charged in Counts One and Eight of the Bill of Indictment.

The Government then summarized the terms of the written Plea Agreement. Importantly for the present inquiry, Petitioner agreed that she had reviewed the terms of the Plea Agreement with her counsel and that she understood those terms. [Id. at 17-19]. Petitioner acknowledged that no one had made her any promises of leniency or a lighter sentence, and that no one had threatened or intimidated her into entering into the Plea Agreement or into deciding to plead guilty. Petitioner then confirmed that she had sufficient time to discuss possible defenses to the charges with her attorney and that she was satisfied with the services of her attorney. Petitioner's attorney explained to the Court that he had thoroughly reviewed the charges in the Indictment and the terms of the plea agreement and was satisfied that she understood the terms and knew the consequences of entering the plea. [Id. at 20-22]. After finding that Petitioner's decision to

enter the plea was knowing and voluntary, the Court accepted Petitioner's plea of guilty. Petitioner and her counsel then signed the Acceptance and Entry of Guilty Plea memorializing the plea and reciting the questions posed and Petitioner's answers given during the Rule 11 proceeding. [Id., Doc. 110].

On October 27, 2009, Petitioner appeared with counsel before the District Court for sentencing. Petitioner confirmed to the Court that she had appeared at the Rule 11 hearing and was sworn, and that she had answered the questions posed by Judge Keesler truthfully. Petitioner acknowledged that she was in fact guilty of the conduct charged in Counts One and Eight, and that her decision to plead guilty was not the product of any threat or force or promise other than such promises as were contained in her Plea Agreement. After considering these representations and her attorney's agreement that he believed she fully understood the Rule 11 proceeding, the Court confirmed that the Petitioner's plea had been knowingly and voluntarily made. The Court then turned to the issue of whether there was a factual basis to support the guilty plea. Petitioner stipulated through her attorney that there was a factual basis for her plea and that the Court could accept the evidence set forth in the presentence report as establishing such a basis. Based on these stipulations and

Petitioner's repeated admissions of guilt, the Court found that there was a factual basis for the plea and confirmed the Magistrate Judge's acceptance of Petitioner's guilty plea. [Criminal Case No. 3:08-cr-00259-RJC-DCK-8, Doc. 290: Sentencing Tr. at 1-5].

The Court then asked Petitioner's counsel whether there were any objections to the presentence report. Counsel objected to the absence of a two-point reduction under U.S.S.G. § 3B1.2(b) in light of Petitioner's limited role in the conspiracy. [Id. at 7]. The Government agreed that such a reduction would be appropriate. [Id. at 10]. After hearing from the probation officer on the issue, the Court determined that a two-point reduction under U.S.S.G. § 3B1.2(b) was appropriate and therefore sustained Petitioner's objection to the presentence report. [Id. at 12].

Petitioner's counsel then argued for a downward variance to a probationary sentence, citing various factors such as Petitioner's age, her troubled childhood, and her current pregnancy. [Id. at 14-16]. The Government vigorously opposed Petitioner's position, arguing that the Court should sentence Petitioner at the low end of the Guidelines range. [Id. at 17-18]. After hearing these arguments, and after considering the factors set forth in 18 U.S.C. § 3553(a), the Court found that a 46-month term of imprisonment, which was at the low end of the Guidelines range,

was sufficient. [Id. at 19-20]. Judgment was entered thereafter on November 4, 2009, and subsequently amended on August 17, 2010 to correct the restitution amount. [Id., Doc. 198: Judgment; Doc. 281: Amended Judgment]. Petitioner did not file a direct appeal.

Petitioner returns to this Court now to challenge her criminal judgment, asserting several claims of ineffective assistance of counsel. [Doc. 1]. The Government has responded contending that Petitioner has raised no meritorious claims for relief and moves the Court to enter summary judgment and deny and dismiss Petitioner's Section 2255 motion. [Doc. 4].

## II. STANDARD OF REVIEW

### A. Section 2255 Proceedings

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**B.  Summary Judgment**

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**III.  DISCUSSION**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689,

104 S.Ct. 2052. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697, 104 S.Ct. 2052). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). Moreover, to demonstrate Strickland prejudice in the context of a guilty plea, Petitioner must demonstrate that she was prejudiced by ineffective assistance of counsel by showing "a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would

10

have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 366 (1985).

## A. Ineffective Assistance Claim – Failure to Submit Exculpatory Evidence or Otherwise Seek Sentence Reduction

In her first claim (Ground One), Petitioner contends that her counsel was ineffective because he failed to submit exculpatory evidence or information to the Court which could have resulted in a lesser sentence. [Doc. 1 at 5]. In a related argument, Petitioner argues that counsel was ineffective in failing to seek a downward departure. [Id. at 6]. Petitioner also appears to argue in her third claim (Ground Three) that a reduced sentence was warranted due to her role as a minor participant in the conspiracy. [Id. at 7].

Contrary to Petitioner's assertions, counsel sought and in fact obtained a reduction in her sentence based upon her minor role in the conspiracy. In the Plea Agreement, the Government agreed that Petitioner should be entitled to a two-point reduction as a minor participant in the conspiracy pursuant to U.S.S.G. § 3D1.2. [Criminal Case No. 3:08-cr-00259-RJC-DCK-8, Doc. 98: Plea Agreement ¶7(c)]. Although the presentence report did not account for that reduction, counsel argued at the sentencing hearing for the reduction to be applied. The Court agreed with

counsel's argument and awarded the reduction. Petitioner's argument that counsel failed to seek a reduced sentence based on her limited role in the conspiracy, therefore, is without merit.

Also without merit is Petitioner's contention that counsel was ineffective in failing to seek a downward departure. Pursuant to the terms of her Plea Agreement, Petitioner agreed that the appropriate sentence was one within the Guideline range and that she would not seek a departure from that range. [Criminal Case No. 3:08-cv-02259-RJC-DCK-8, Doc. 98: Plea Agreement at ¶7(h)]. Thus, had Petitioner's counsel moved for a downward departure as Petitioner now contends he should have, Petitioner would have been in material breach of the Plea Agreement. Such a breach would have relieved the Government of all of its obligations under the Agreement. [Id. at ¶ 16]. In short, all bets would have been off, and Petitioner would have had none of the benefits for which she bargained.

Despite Petitioner's agreement not to seek a downward departure, counsel nevertheless argued at sentencing that the Court should exercise its discretion and grant a downward variance to sentence Petitioner below the recommended Guideline range. [Criminal Case No. 3:08-cv-00259-RJC-DCK-8, Doc. 176: Sentencing Memorandum at 2 (requesting that "the

Court . . . consider her circumstances in determining whether to sentence her below the guideline [range]"); Doc. 290: Sentencing Tr. at 15 (arguing that "the court's intent under 3553 would be solved if [Petitioner] is given a downward departure")]. Accordingly, counsel's failure to make a formal motion for a downward departure did not prejudice Petitioner in any way.

While Petitioner argues that counsel was ineffective in that he "failed to submit exculpatory evidence that was ben[eficial] to assisting [her] case," [Doc. 1 at 5], the record belies this argument. Counsel argued at sentencing in favor of a downward variance from the Guidelines based on several factors, including Petitioner's age, her troubled childhood, her cooperation with the investigators, and her then-current state of pregnancy. Petitioner fails to identify any other specific exculpatory evidence that counsel could have presented or how the failure to present such evidence prejudiced her.

In sum, the Court concludes that Petitioner has failed to demonstrate any <u>Strickland</u> prejudice resulting from counsel's performance in seeking a reduced sentence on her behalf. Accordingly, Petitioner's first ineffective assistance claim is denied.

**B.     Ineffective Assistance Claim – Failure to Explain Plea Agreement**

Next, Petitioner contends that her attorney did not thoroughly explain the "full extent" of her plea or her signed Plea Agreement. As a result, Petitioner contends, her plea was not knowingly and voluntarily entered. [Doc. 1 at 6].

Petitioner does not provide any details as to what aspect of her guilty plea or Plea Agreement was explained to her or what should have been explained differently. In any event, Petitioner's claim is foreclosed by her own sworn statements during her Rule 11 hearing and her statements before this Court during her sentencing hearing to the effect that she had had the opportunity to discuss the Plea Agreement with her counsel and that she understood the terms as stated therein. "A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Further, Petitioner's sworn statements during her sentencing hearing establish that Petitioner understood the elements of the offenses to which she was pleading guilty; that she knew the maximum penalties; and that she knowingly and voluntarily pled guilty to those charges. "Statements of

fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea 'constitute a formidable barrier' to attacking the plea." United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc), cert. denied, 513 U.S. 1060, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994) (citing Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977)).

Petitioner's self-serving, belated statements during this proceeding cannot overcome her sworn statements and affirmation before this Court that she entered a plea with full knowledge of the charges against her and the potential penalties. Accordingly, this claim will be denied.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's claims in her Section 2255 motion are without merit and the Court will, therefore, grant Respondent's motion for summary judgment.

Finally, the Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's

15

assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Respondent's Motion for Summary Judgment [Doc. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's § 2255 Motion [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: March 6, 2013

Martin Reidinger
United States District Judge